LINK: 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-113 GAF (FFMx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | LAC Basketball Club Inc v. Federal Insurance Company et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **(In Chambers)**

## ORDER TO SHOW CAUSE

On December 3, 2013, Plaintiff LAC Basketball Club, Inc. ("Plaintiff") filed suit against Defendant Federal Insurance Company ("Defendant") in Los Angeles County Superior Court. On January 6, 2014, Defendant timely removed the case to federal court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Docket No. 1 [Notice of Removal ("Not.")] at 1.)  However, the Court is unable to determine whether it has jurisdiction over this matter because Defendant's jurisdictional allegations are deficient.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it.  Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between citizens of different states.  28 U.S.C. § 1332(a).  "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e., every plaintiff must be diverse from every defendant."  Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).  Allegations of residence are insufficient to establish jurisdiction. Instead, citizenship is determined by a person's domicile—"[his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return."  Kanter v. Warner-Lambert Co., 265 F.2d 853, 857–58 (9th Cir. 2001).  Additionally, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(a).

Defendant alleges that diversity jurisdiction exists because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000.  (Not. at 1.) However, the Notice of Removal lists only Plaintiff's state of incorporation, not its principal

**LINK: 1**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 14-113 GAF (FFMx) | Date | January 27, 2014 |
|---|---|---|---|
| Title | LAC Basketball Club Inc v. Federal Insurance Company et al | | |

place of business.  (Id.)  Defendant has therefore failed to show proper citizenship of all parties, and it is unclear if the diversity requirement is met.

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.  Defendant's response is due by the close of business on Monday, February 3, 2014.  **Failure to respond will be deemed consent to dismissal of the action**.

**IT IS SO ORDERED.**